SIEGEL, Appellant, vs. TOWN OF LIBERTY, Respondent.

*June 4—July 3, 1903.*

*Town chairman: Authority to purchase road machine: Best evidence: Parol evidence.*

1. The original of a certain petition to purchase a road machine was not produced upon the trial, and was not in the possession of either party. Appellant testified that he did not see the original, but saw what purported to be a copy filed in the town

clerk's office, and offered to state the contents of the copy. The copy was equally accessible to both parties, but appellant took no steps to procure it, made no offer to show that he could not produce it in court, nor did it appear that his failure to produce the document was chargeable to the opposing party. *Held*, that the offer of parol evidence of the contents of the copy on file in the town clerk's office was properly excluded as incompetent, and because no proper foundation had been laid for secondary evidence.

2. Under sec. 1223, as amended by ch. 83, Laws of 1899 (authorizing a town chairman, on petition in writing by a majority of the taxpayers of road district, representing more than one half of the taxable property in said district, to purchase a road machine), a town chairman is *held* to have been authorized to purchase such machine on a petition in writing by eight of the fourteen taxpayers of the district, who together represented more than one half of the taxable property thereof, according to the last preceding assessment roll.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Plaintiff brought this action as a taxpayer of defendant town to set aside an illegal contract made by the chairman of the town, and to restrain the officers from collecting the taxes which were levied to pay the price of a certain road machine. The town of *Liberty* is one of the organized towns of Outagamie county, and is divided into twelve road districts. Plaintiff is a taxpayer of road district No. 9. On November 3, 1899, at a meeting of the town board, it adopted resolutions levying a direct annual tax on the taxable property in road districts Nos. 5, 6, and 9 of the town, to be levied and collected in three equal instalments, with interest, in the years 1900, 1901, and 1902, to pay for this road machine. H. B. Dexter was the town chairman, who entered into the contract with the Austin & Western Company for the purchase of one Western reversible road machine at $225. He asserts that he relied upon a petition by the taxpayers of the districts requesting such purchase and the action of the town board in levying the taxes for such purpose. The court found that

plaintiff failed in his proof to establish the material allegations of his complaint, and awarded judgment dismissing the complaint, and for costs, from which the plaintiff appeals.

For the appellant there were briefs by *Weed & Van Doren,* and oral argument by *R. N. Van Doren.*

For the respondent there were briefs by *A. M. Spencer,* and oral argument by *John Bottensek.*

The following opinion was filed June 18, 1903:

SIEBECKER, J.   Appellant assigns error upon the court's ruling excluding testimony offered to prove the contents of a copy of the original petition requesting the purchase of the road machine, which the town chairman asserts is the basis of his authority to make the contract in question, under sec. 1223, Stats. 1898, as amended by ch. 83, Laws of 1899.   The evidence tends to show that a petition was signed by taxpayers of these road districts requesting the chairman to purchase such a machine.   The original of this petition was not produced upon the trial, and was not in the possession of either party.   Plaintiff was sworn as a witness in his own behalf, and testified that he did not see this original petition, but saw what purported to be a copy filed in the town clerk's office, and offered to state the contents of this copy.   Upon objection the court held such evidence inadmissible.   It seems this copy was equally accessible to both parties.   Appellant took no steps to procure it, nor did he offer to show that he could not produce it in court, nor did it appear that he was misled by the opposing party, which caused his failure to produce the document.   Under these circumstances the evidence offered was properly excluded, for the reason that it was incompetent, nor was there a proper foundation laid for offering secondary evidence to prove the contents of the copy on file.   *Sexsmith v. Jones,* 13 Wis. 565; 1 Greenleaf, Ev. §§ 82, 87.

It is further contended that the court erred in its finding

that appellant failed in his proof to establish that the petition did not contain the names of a majority of the taxpayers of each of said road districts, and that the persons who signed the petition do not represent more than one half of the taxable property in said districts according to the last preceding assessment roll. The evidence material to these questions fails to support the issues in favor of plaintiff's contention. This would necessarily require a finding as made by the trial court aside from the presumption that the proceedings taken by the town board and its chairman were based on authority, and that they proceeded regularly to purchase the road machine. The finding is, however, supported by proof, inferable from the evidence. The testimony tends to show that of the fourteen taxpayers of district No. 9, six, aside from Richard Jenkins and August Sewall, signed the petition, and that the signatures of these two parties were properly on the petition. It further appears that these eight persons represented more than one half of the taxable property in district No. 9, according to the last preceding assessment roll. This meets the requirements of the statute, and furnishes a proper basis for the levy of the tax and the purchase of the road machine by the chairman of the town. No proof was offered upon these issues as to districts Nos. 5 and 6. The finding and the judgment were proper.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied July 3, 1903.